UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| RICARDO PHILLIPS, | ) | |
|     Plaintiffs | ) | CIVIL ACTION NO. 5:12-266 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| BLAZIN WINGS, INC. aka | ) | |
| Buffalo Wild Wings Grill & Bar | ) | |
|     Defendants | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Remand filed by Plaintiff Ricardo Phillips. (DE 18). The time for briefing has expired, and there has been no response filed in opposition.[1] Because the Defendant has failed to prove the amount in controversy exceeds $75,000, Plaintiff's Motion to Remand will be GRANTED.

On August 2, 2012, Phillips filed his Complaint in Fayette Circuit Court. (DE 1-1). The Complaint alleged that Phillips sustained personal injuries after slipping and falling in the men's room of the restaurant owned by Defendant Blazin Wings, Inc. aka Buffalo Wild Wings Grill & Bar ("Blazin Wings"). (*Id.*) The Complaint sought an unspecified amount of damages. On August 21, 2012, Blazin Wings removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (DE 1). Blazin Wings removed on the basis that the case could have originally been filed in this Court under 28 U.S.C. § 1332. Phillips now seeks to remand. Phillips does not dispute the diversity of the parties' citizenship but only the amount in controversy.

---

[1] "Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c)(1).

As the removing party, Blazin Wings bears the burden of proving the existence of federal jurisdiction. *Eastman v. Marine Mech. Corp,* 438 F.3d 544, 549 (6th Cir. 2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statement should be strictly construed and all doubts resolved in favor of remand." *Id.* at 550 (alteration in original) (quoting *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir. 1996)). In order for diversity jurisdiction to exist, 28 U.S.C. § 1332 requires that the "matter in controversy exceed ... the sum or value of $75,000, exclusive of interest and costs." *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 572 (6th Cir. 2001). Blazin Wings, therefore, must show it is more likely than not that Phillips' claim exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Everett v. Verizon Wireless,* 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993), *abrogated on other grounds by Hertz Corp. v. Friend,* 130 S.Ct. 1181 (2010)).

Phillips asserts that, as of the time of filing this Motion, all known, actual incurred and claimed damages are less than $75,000. Phillips has responded to Blazin Wings' First Set of Interrogatories and stated that all damages total $49,811.40. (DE 18-1). This total encompasses past medical expenses ($9,811.40), future medical expenses ($10,000), and past and future pain and suffering ($30,000). A "fair reading" of the Complaint also suggests that damages fall below the jurisdictional threshold of $75,000. *See Hayes*, 266 F. 3d at 573. Clearly, due the Plaintiff's Complaint, the Plaintiff's detailed interrogatory response, and the Defendant's lack of response to the Plaintiff's Motion to Remand, the Defendant has not met its burden of establishing diversity jurisdiction.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) Plaintiff's Motion to Remand (DE 18) is GRANTED;

(2) The parties shall bear their own respective fees and costs in this matter; and

(3) This case shall be REMANDED to the Fayette Circuit Court for all further proceedings and is STRICKEN from the active docket of this Court.

This 10th day of April, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge